UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

SILVA WAYNE ANTHONY, :
Plaintiff, :
v. :
: CA 07-022 ML
VALERIE A. BRODEUR, :
Defendant. :

**ORDER DENYING
WITHOUT PREJUDICE
APPLICATION TO PROCEED IN FORMA PAUPERIS**

On January 17, 2007, Plaintiff Silva Wayne Anthony ("Plaintiff") filed a Complaint and an Application to Proceed without Prepayment of Fees and Affidavit ("Application"), requesting that he be allowed to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). Plaintiff's Complaint is incomprehensible. It, therefore, fails to satisfy the requirements of Federal Rule of Civil Procedure 8(a).[1] The Complaint also fails to explain what connection the action has to the District of Rhode Island.

Among the reasons for the Complaint's incomprehensibility are the following. First, it is entitled "Form 3 Complaint on a

---

[1] Federal Rule of Civil Procedure 8(a) provides:

> (a) Claims for Relief. A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) **a** short and **plain statement of the claim showing that the pleader is entitled to relief**, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

Fed. R. Civ. P. 8(a) (bold added).

Promissory Note." Complaint at 1. However, if the action is based on a promissory note, the Complaint does not identify: a) the promissory note upon which the action is brought, b) the maker of that note, c) the person or entity to whom payment was promised, d) the amount of the note, e) the date the note was executed, and f) the date payment was due. Second, the Complaint references a civil action in the Bristol County Superior Court, Anthony v. New Bedford P.A.C.E., NO. BRCV2006-00853 (the "Massachusetts state court action"), but it does not explain what connection there is between the Massachusetts state court action and the instant action. Third, it appears that Plaintiff believes that a default, which was entered in the Massachusetts state court action against New Bedford P.A.C.E., provides a basis for, or is somehow relevant to, the instant action. However, attachment 4 to the Complaint (Clerk's Notice dated October 16, 2006) indicates that the default was removed on October 11, 2006. Thus, for this additional reason, the relevance of the Massachusetts state court action to the present action is unclear.

With regard to jurisdiction, the Complaint states that it is based on the existence of a federal question and that the action arises under the Constitution of the United States. However, the Complaint does not explain what the federal question is and why jurisdiction lies in the District of Rhode Island and not the District of Massachusetts. With reference to the latter district, the Court notes that the Complaint indicates that Plaintiff and Defendant Valerie A. Brodeur are both residents of Massachusetts, that the Complaint references the Massachusetts state court action, and that Plaintiff has attached to the Complaint a "First Execution" from the United States District Court for the District of Massachusetts, see Complaint, Attachment 2.

Because Plaintiff's Complaint fails to comply with Rule 8(a) and also fails to demonstrate any connection to the District of Rhode Island, it is subject to dismissal. See 28 U.S.C. § 1915(e)(2);[2] see also McCulloch v. Vélez, 364 F.3d 1, 5 (1st Cir. 2004)("a federal court has an obligation to inquire sua sponte[3] into its own subject matter jurisdiction"). However, in deference to Plaintiff's pro se status, the Court will allow him the opportunity to file an amended complaint.

**Accordingly, the Application is DENIED WITHOUT PREJUDICE. Plaintiff is directed to file within thirty (30) days an amended complaint which complies with the Federal Rules of Civil Procedure and demonstrates a basis for this Court to exercise jurisdiction.** The amended complaint shall be titled "First Amended Complaint." If Plaintiff fails to file an amended complaint as directed, this Magistrate Judge will issue a Report and Recommendation, recommending that the Complaint be dismissed and the Application denied.

So ordered.

---

[2] 28 U.S.C. § 1915(e)(2) states:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal--
> (i) is frivolous or malicious;
> **(ii) fails to state a claim on which relief may be granted**; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2) (bold added).

[3] Sua sponte means "w]ithout prompting or suggestion; on its own motion <the court took notice sua sponte that it lacked jurisdiction over the case>." Black's Law Dictionary 1464 (8th Ed. 2004).

ENTER:

BY ORDER:

DAVID L. MARTIN
United States Magistrate Judge
January 23, 2007

Deputy Clerk