UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

SILVA WAYNE ANTHONY, :
Plaintiff, :
v. :
: CA 07-022 ML
VALERIE A. BRODEUR, :
Defendant. :

**REPORT AND RECOMMENDATION**

David L. Martin, United States Magistrate Judge

Before the Court is Plaintiff's First Amended Complaint (Document ("Doc") #4) and his Application to Proceed without Prepayment of Fees and Affidavit (Doc. #2) ("Application"). For the reasons stated herein, I recommend that the Application be denied and that the First Amended Complaint be dismissed.

**Background**

Plaintiff filed his Application and a Complaint (Doc. #1) on January 17, 2007. See Docket. On January 23, 2007, this Magistrate Judge entered an order denying Plaintiff's Application without prejudice because Plaintiff's Complaint was incomprehensible. See Order Denying without Prejudice Application to Proceed in Forma Pauperis (Doc. #3) ("Order of 1/23/07"). The Order of 1/23/07 explained some of the reasons why the Complaint was incomprehensible, see id. at 1-2, and directed Plaintiff to file an amended complaint within thirty (30) days "which complies with the Federal Rules of Civil Procedure and demonstrates a basis for this Court to exercise jurisdiction," id. at 3.

**Discussion**

On January 31,2007, Plaintiff filed the instant First Amended Complaint (Doc. #4). In large measure, this filing is also incomprehensible and similarly fails to comply with the

Federal Rules of Civil Procedure. It does not contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, and it does not contain a short and plain statement of Plaintiff's claim showing that he is entitled to relief. See Fed. R. Civ. P. 8(a).[1]

As best the Court can determine,[2] it appears that Plaintiff is attempting to sue Valerie A. Brodeur ("Brodeur"), an assistant clerk of the Bristol County Superior Court in the Commonwealth of Massachusetts, because of some failing on her part in connection with a civil action which Plaintiff filed in that court, Silva Wayne Anthony v. New Bedford P.A.C.E., Civil Docket # BRCV2006-00853 (the "Massachusetts civil action"). For reasons that are unclear, Plaintiff refers to a summons signed by Brodeur in the Massachusetts civil action as a promissory note. See First Amended Complaint at 3; see id., Attachment ("Att.") 1 (Summons and Order of Notice). He asserts that Brodeur promised that New Bedford P.A.C.E. would have to appear in that action and show cause why a "motion for trustee attachment should not be granted to plaintiff." First Amended Complaint at 3. Plaintiff appears to complain that instead of appearing, New Bedford P.A.C.E. defaulted. See id. Seemingly because Plaintiff considers this failure to appear to be a breach of the promise allegedly made by Brodeur, Plaintiff seeks an "ex parte trust [sic] and/or

---

[1] Fed. R. Civ. P. 8(a) provides in relevant part:

> (a) Claims for Relief. A pleading which sets forth a claim for relief ... shall contain (1) **a short and plain statement of the grounds upon which the court's jurisdiction depends** ..., (2) **a short and plain statement of the claim showing that the pleader is entitled to relief** ....

Fed. R. Civ. P. 8(a) (bold added).

[2] In addition to being incoherent, the First Amended Complaint is difficult to read because some words, although typed, are so faint as to be virtually illegible. See First Amended Complaint.

$3,000,000.00 etc." See id. at 1.

With reference to jurisdiction, the Order of 1/23/07 pointed out that:

> the Complaint states that it is based on the existence of a federal question and that the action arises under the Constitution of the United States. However, the Complaint does not explain what the federal question is and why jurisdiction lies in the District of Rhode Island and not the District of Massachusetts.

Order of 1/23/07 at 2. In the First Amended Complaint, Plaintiff cites several federal statutory and constitutional provisions and seemingly refers to at least two causes of action,[3] but the Court sees no connection between any of these references and his alleged claim against Brodeur.

With regard to venue, Plaintiff cites 28 U.S.C. § 1391(b)[4] as a basis for venue in this District, but none of the three grounds stated therein appears to apply to the instant matter. Plaintiff seemingly suggests that the third ground is applicable because it would be more convenient for Brodeur to travel to the

---

[3] By way of example, Plaintiff refers to "public securities," "negotiable instrument," id., "the Securities Act of 1933," id., "a cause of action for false statements in registration statement," id., and "breach of contract obligation in Article 1, Section (10)," First Amended Complaint at 1.

[4] 28 U.S.C. § 1391(b) provides that:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

federal court in Providence than to the federal court in Boston. See First Amended Complaint at 2. However, even if this is true, such circumstance does not equate to Brodeur being "found" in this District as required by § 1391(b).

Plaintiff implies that jurisdiction lies in Rhode Island because of "bias and prejudice from judge," id. at 2, apparently referring to U.S. District Judge Patti B. Saris of the District of Massachusetts, see id. at 2. What connection Judge Saris has to the Massachusetts civil action is unclear. However, the alleged bias or prejudice of a judge in the District of Massachusetts does not provide a basis on which this Court may exercise jurisdiction.

In short, even reading Plaintiff's filing with "an extra degree of solicitude," Rodi v. Ventetuolo, 941 F.2d 22, 23 (1st Cir. 1991), due to his pro se status, see id.; see also Strahan v. Coxe, 127 F.3d 155, 158 n.1 (1st Cir. 1997)(noting obligation to construe pro se pleadings liberally)(citing Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595-96 (1972)), the Court is unable to discern any basis on which jurisdiction exists in this matter, see Mills v. Brown, 372 F.Supp.2d 683, 688 (D.R.I. 2005) ("A party seeking relief in a district must *at least* plead facts which bring the action within the court's jurisdiction.")(citing Fed. R. Civ. P. 8(a)(1)); cf. Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997)(noting that "pro se status does not insulate a party from complying with procedural and substantive law. The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled.")(citation omitted). "Failure to plead such facts warrants dismissal of the action." Mills v. Brown, 372 F.Supp.2d at 688

(citing Fed. R. Civ. P. 12(h)(3)[5]).

**Summary**

In summary, I find that Plaintiff's First Amended Complaint is similar to his original Complaint in that it is largely incomprehensible. It, therefore, fails to comply with Rule 8(a) and fails to state a claim upon which relief can be granted.[6] The matter about which Plaintiff complains appears to have no connection to the District of Rhode Island. Plaintiff apparently wishes to bring the action in this Court because he believes that there is bias and prejudice against him on the part of a federal judge in the District of Massachusetts. This is not a basis for this Court to exercise jurisdiction.

**Conclusion**

Accordingly, I recommend that Plaintiff's Application be denied and that the action be dismissed because: 1) the First Amended Complaint is in large measure incomprehensible, 2) it fails to state a claim upon which relief may be granted, and 3) it fails to demonstrate a basis for this Court to exercise

---

[5] According to Fed. R. Civ. P. 12(h), "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3).

[6] 28 U.S.C. § 1915(e)(2) states:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal--
> (i) is frivolous or malicious;
> **(ii) fails to state a claim on which relief may be granted**; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2) (bold added).

jurisdiction. See Fed. R. Civ. P. 8(a); see also 28 U.S.C. § 1915(e)(2). Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10)[7] days of its receipt. See Fed. R. Civ. P. 72(b); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and the right to appeal the district court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

DAVID L. MARTIN
United States Magistrate Judge
February 15, 2007

---

[7] The ten days do not include intermediate Saturdays, Sundays, and legal holidays. See Fed. R. Civ. P. 6(a):

> (a) Computation. In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, or, when the act to be done is the filing of a paper in court, a day on which weather or other conditions have made the office of the clerk of the district court inaccessible, in which event the period runs until the end of the next day which is not one of the aforementioned days. **When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation.** As used in this rule and in Rule 77(c), "legal holiday" includes New Year's Day, Birthday of Martin Luther King, Jr., Washington's Birthday, Memorial Day, Independence Day, Labor Day, Columbus Day, Veterans Day, Thanksgiving Day, Christmas Day, and any other day appointed as a holiday by the President or the Congress of the United States, or by the state in which the district court is held.

Fed. R. Civ. P. 6(a) (bold added).